**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:11-cr-20137-JPM-tmp |
| MARCUS BROOKS, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S REQUESTS FOR A HEARING PURSUANT TO FRANKS V. DELAWARE AND MOTION TO DISCLOSE IDENTITY AND BACKGROUND OF CONFIDENTIAL INFORMANT**

Before the Court is Defendant Marcus Brooks' ("Defendant" or "Brooks") Request for a Hearing Pursuant to Franks v. Delaware (Docket Entry ("D.E.") 29), filed September 20, 2011, and Defendant's Motion to Disclose Identity and Background of Confidential Informant (D.E. 30), filed September 20, 2011. Defendant filed a Supplemental Request for a Hearing Pursuant to Franks v. Delaware on October 28, 2011. (D.E. 40.)

The Court referred both Motions to the Magistrate Judge for Report and Recommendation. (D.E. 33 & 40.) The government filed Responses in Opposition to both motions on October 27, 2011. (D.E. 37 & 39.) The Magistrate Judge held a hearing for both motions on November 21, 2011. (D.E. 48.) The government

called Detective Jonathan Overly ("Detective Overly") of the Memphis Police Department to testify regarding the facts surrounding his investigation. Defendant did not present any witnesses.

On December 8, 2011, the Magistrate Judge issued a Report and Recommendation ("Rep. & Rec.") (D.E. 51) recommending that both motions be denied. The Defendant filed Objections to the Magistrate Judge's Report and Recommendation (D.E. 54) on December 22, 2011. The government responded to the Defendant's Objections on January 6, 2012. (D.E. 56.) After de novo review of the record and of the parties' arguments, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Defendant's motions.

**I. Background**

Defendant was indicted on one count of possessing a firearm in violation of 18 U.S.C. § 922(g). (D.E. 1.)

On December 22, 2010, Detective Overly submitted an Affidavit to a Judicial Commissioner to obtain a search warrant for the residence at "157 W. Person Ave., Memphis, TN 38109." (Aff. for Search Warrant (D.E. 32-1, at 1).) In his Affidavit, Detective Overly stated that he had been investigating "the sale of illegal narcotics by the M/B named Marcus Brooks . . . at 157 W. Person Ave." (Id.) Detective Overly also stated that

> A Memphis, Tennessee Police Department, Confidential
> Informant (CI) has been to the above described location
> within the past five (5) days and has observed the M/B
> named Marcus Brooks selling and storing Marijuana from
> inside the residence. In the past, the reliable CI has
> given detectives information regarding illegal drug
> activity which has been found to be true and correct. The
> past information given by the CI has led to nine (9)
> convictions in Shelby County Criminal Court, the seizure of
> 149.37 grams Crack Cocaine, 8.94 grams Powder Cocaine,
> 939.45 grams Marijuana, and $17,591 in cash.

(Id.) Detective Overly's Affidavit also stated that he had conducted surveillance on the location within the five days preceding the date of the Affidavit, during which time he had observed the Defendant "going to and from the house" and "engage[] in a hand to hand transaction in front of the residence." (Id.) Based on Detective Overly's representations, the Judicial Commissioner issued a search warrant on December 22, 2010. (Search Warrant (D.E. 32-1, at 2).)

Detectives with the Organized Crime Unit executed the search warrant on December 23, 2010, at 2:55 p.m. (Record of Arrest (D.E. 32-2, at 1).) The Record of Arrest indicates that Detectives arrived at 157 W. Person Ave. and located the Defendant at the front door in his wheelchair. Detectives forcibly gained entry into the home, where they secured the area, the Defendant, and another subject named Julius Dodson. Detectives then commenced searching the home. At that point, the subject "made a spontaneous utterance that he had some weed under his dresser drawer." (Id.) Detectives found a bag of

marijuana and a loaded handgun in that location. The Detectives also located $411.00 in cash on top of the Defendant's dresser. Further search of the residence led to a bag of crack cocaine under the microwave and a scale. (Id.) Brooks refused to sign a rights waiver but made a spontaneous utterance that everything at the residence was his. (Id.)

## II. Standard of Review

"A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court is not required to review those aspects of the Report and Recommendation to which no objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The Court should adopt the findings and recommendations to which there is no objection. Id.; see also United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

## III. Analysis

The Magistrate Judge recommended that Defendant's motions be denied. (Rep. & Rec. 2.) In so finding, the Magistrate Judge recommended two conclusions of law: (1) that Defendant is not entitled to a Franks evidentiary hearing, and (2) that Defendant is not entitled to disclosure of the CI's identity or

4

background. (Id. at 8, 13.) In his objections to the Report and Recommendation, Defendant argued that the Magistrate Judge erred in both recommendations.

**A. Franks Hearing**

Under Franks v. Delaware, 438 U.S. 154 (1978), a criminal defendant may challenge the veracity of a sworn statement used by the police to obtain a search warrant. Id. at 155–56. To do so, a Defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit." United States v. Stuart, 507 F.3d 391, 396 (6th Cir. 2007). A substantial preliminary showing in this regard requires "allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." Franks, 438 U.S. at 171. "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." Id. In addition, a defendant may challenge "only [the statements] of the affiant, not any nongovernmental informant." Id. If a defendant meets this burden, the Court must then consider "whether, absent the challenges statements, there remains sufficient content in the affidavit to support a finding of probable cause." United States v. Bennett, 905 F.2d

931, 934 (6th Cir. 1990). A defendant is entitled to a hearing if probable cause does not exist without the statements. Id.

In the instant case, Defendant challenges the veracity of two statements in Detective Overly's Affidavit: (1) that a "Confidential Informant (CI) has been to the above described location within the past five (5) days and has observed the M/B named Marcus Brooks selling and storing Marijuana from inside the residence;" and (2) that Detective Overly had "conducted surveillance on the location within the last five days and has observed Marcus Brooks going to and from the house" and "has observed Marcus Brooks engaged in a hand to hand transaction in front of the residence." (Def.'s Supplemental Request for a Hr'g Pursuant to Franks v. Delaware (D.E. 40) at 2-3.) In support of his assertion, Defendant offers his own affidavit, which states that he "was not at this residence at any point in time during the five (5) day period from December 17, 2010 through December 22, 2010." (Aff. Marcus Brooks (D.E. 40-1) ¶¶ 9 & 10.) Brooks argues that, because he was not at the residence during this time period, Detective Overly's statements could not possibly have been true, and that Detective Overly must have included a false statement in his affidavit either knowingly or intentionally, or with reckless disregard for the truth.

The Court finds that Brooks' affidavit, standing alone, does not meet the required threshold of a "substantial preliminary showing" to entitle him to a Franks hearing. Brooks provides no additional proof to support his assertion that he was not at the residence. Nor does Brooks provide any explanation — much less "satisfactorily explain[]" — the absence of any additional proof to corroborate his bare assertion. Franks, 438 U.S. at 171. Furthermore, as the Magistrate Judge's Report and Recommendation pointed out, Brooks makes no attempt to explain his whereabouts during this period. (Rep. & Rec. 7.) The Court therefore finds that Brooks is not entitled to a hearing pursuant to Franks v. Delaware.

**B. Identity of Confidential Informant**

Brooks next argues that he is entitled to disclosure of the identity of the Confidential Informant (CI) on whom Detective Overly relied so that he may develop his claim that Detective Overly either intentionally or recklessly included false information in his affidavit to obtain a search warrant.

The "informer's privilege" allows the government to not disclose the identity of an informant who furnishes information regarding criminal activity to law enforcement officials. Roviaro v. United States, 353 U.S. 53, 59 (1957). The privilege is not absolute and must give way where disclosure is "relevant and helpful to the defense of an accused, or is essential to a

7

fair determination of the cause." Id. at 60-61. There is no "fixed rule" with respect to when a Court must order disclosure of a confidential informant's identity, id. at 63; however, "disclosure is usually required when the informer was an active participant in the events underlying the defendant's potential criminal liability" and "disclosure is not usually required when the informer was not a participant but rather 'a mere tipster or introducer.'" United States v. Smith, 90 F. App'x 120, 124 (6th Cir. 2006).

In the instant case, the CI on whom Detective Overly relied was not an active participant in the crime charged. Furthermore, Defendant asserts that disclosure of the CI's identity may help him further develop his Franks request because it would allow him to discern whether Detective Overly knowingly or recklessly included false information in his affidavit. Defendant has therefore not demonstrated that disclosure is "essential to a fair trial." See United States v. Chapman, 112 F. App'x 469, 474 (6th Cir. 2004). Instead, Defendant's argument "only speculates as to what disclosure might do." United States v. Sales, 247 F. App'x 730, 734 (6th Cir. 2007).

Moreover, as the Magistrate Judge's Report and Recommendation point out, in United States v. Giacalone, 853 F.2d 470 (6th Cir. 1988), the Sixth Circuit affirmed a district court's rejection of an argument similar to Defendant's. In

that case, defendants submitted affidavits that attacked the veracity of the investigating officer's affidavit, which was made for the purposes of obtaining a warrant pursuant to Title III. Id. at 473-74. Similar to Brooks, the defendants in Giacalone argued that "their affidavits showed that either the informants lied to Special Agent Rossi or that he lied in his affidavit." Id. at 474-75. Defendants argued that they could not determine whose statements were false without "at least having the district court interview the informants *in camera*." Id. at 476. The district court held an *in camera* examination of the attesting officer, where the court questioned him on "the allegations made in the application for [the warrant,] . . . asked [him] specific questions regarding the reliability of the informants and the sources of their knowledge[,] . . . [and] examined four other FBI agents regarding the accuracy and reliability of information obtained by other informants." Id. at 477. On review, the Sixth Circuit affirmed the district court's decision. The court expressly "decline[d] defendant's invitation to extend the reasoning of the Franks decision to mandate a preliminary *in camera* examination of both the affiant and the informants in cases where the defendants allege that the affidavit contains false information." Id. at 476. The court noted that, because Franks concerned the veracity of the affiant's — and not the informant's — statements, the district

9

court's "extensive examination . . . was more than adequate to establish the veracity of the affiant."  Id. at 477.

In the instant case, the Magistrate Judge held a hearing in which the government conducted a similarly detained examination of Detective Overly.  (D.E. 48.)  The government specifically questioned Detective Overly in a manner sufficiently similar to that which the Sixth Circuit held sufficient in Giacalone: the government questioned Detective Overly on the allegations in his affidavit (Nov. 21, 2011 Hr'g Tr. ("Nov. 21 Tr.") (D.E. 62) 15–16), the reliability of the informant in question (id. at 25–27), and the investigatory activity he conducted to corroborate the CI's information (id. at 16–24).  Upon de novo review of the record, the Court agrees with the Magistrate Judge's determination regarding the veracity of Detective Overly's statements.

The Court therefore finds that Defendant has not demonstrated that he is entitled to disclosure of the CI's identity.

## IV. CONCLUSION

For the foregoing reasons, upon de novo review, the Court ADOPTS the Magistrate Judge's Amended Report and Recommendation.  Defendant's Request for a Hearing Pursuant to Franks v. Delaware and Motion to Disclose Identity and Background of Confidential Informant is DENIED.

**IT IS SO ORDERED**, this 23rd day of January, 2012.

                                                  _s/ Jon P. McCalla_____
                                                  JON P. McCALLA
                                                  CHIEF U.S. DISTRICT JUDGE