# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:11-cr-20137-JPM-tmp |
| MARCUS BROOKS, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S FIRST AND SECOND MOTIONS TO SUPPRESS EVIDENCE**

Before the Court are Defendant Marcus Brooks' ("Defendant" or "Brooks") First Motion to Suppress Evidence and Supporting Memorandum of Points and Authorities ("Defendant's First Motion") (Docket Entry ("D.E.") 32), filed September 20, 2011, and Defendant's Second Motion to Suppress Evidence and Supporting Memorandum of Points and Authorities ("Defendant's Second Motion") (D.E. 31), filed September 20, 2011.

The Court referred both Motions to the Magistrate Judge for Report and Recommendation. (D.E. 33.) The government filed a Response in Opposition to Defendant's motions on December 16, 2011. (D.E. 53.) The Magistrate Judge held a hearing for both motions on January 5, 2012. (D.E. 58.) The government called Detective Jonathan Overly ("Detective Overly") of the Memphis

Police Department to testify regarding the facts surrounding his investigation, and Detective James Gaylor ("Detective Gaylor") of the Memphis Police Department to testify regarding the execution of the search warrant in question.  Defendant did not present any witnesses.

On February 28, 2012, the Magistrate Judge issued a Report and Recommendation ("Rep. & Rec.") (D.E. 69) recommending that both motions be denied.  The Defendant filed Objections to the Magistrate Judge's Report and Recommendation on March 12, 2012.  (D.E. 71.)  The government responded to the Defendant's Objections on March 16, 2012.  (D.E. 72.)  After de novo review of the record and of the parties' arguments, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Defendant's motions.

## I. Background

Defendant was indicted on one count of possessing a firearm in violation of 18 U.S.C. § 922(g).  (D.E. 1.)

On December 22, 2010, Detective Overly submitted an Affidavit to a Judicial Commissioner to obtain a search warrant for the residence at "157 W. Person Ave., Memphis, TN 38109." (Aff. for Search Warrant (D.E. 32-1 at 1).)  Detective Overly's Affidavit stated that

> Personally appeared before me, Detective J. Overly and made oath that he has good ground and belief, and does believe that a M/B named Marcus Brooks, with a DOB 06/30/1979, TN

ID 082602542, Shelby County Jail R&I 270670, with a medium complexion, a thin build, approximately 5'10" in height, approximately 140 lbs., who is confined to a wheelchair is in possession of the following described property, to wit: Marijuana, Drug Proceeds, Drug Records, and Drug Paraphernalia contrary to the laws of the State of Tennessee, upon the following described premises, to wit: a single family dwelling house, with a cream colored exterior, with red colored trim, a gray shingled roof, a black wrought iron door facing north, with an address of 157 W. Person Ave., Memphis, TN 38109. The same being located in Shelby County.

Detective Overly is currently assigned to a narcotics investigation team within the Memphis Police Department's Organized Crime Unit. Detective Overly has received specialized education and training from the Memphis Police Department, the Tennessee Bureau of Investigation (TBI) and the Drug Enforcement Administration (DEA) in the investigation and detection of illegal drug activity. Detective Overly has been a police officer since 2003, and he has participated in numerous drug arrests, drug seizures, and drug investigations during his career as a police officer.

His reasons for such belief are that the affiant has conducted a drug investigation into the sale of illegal narcotics by the M/B named Marcus Brooks as above described at 157 W. Person Ave. A Memphis, Tennessee Police Department, Confidential Informant (CI) has been to the above described location within the past five (5) days and has observed the M/B named Marcus Brooks selling and storing Marijuana from inside the residence. In the past, the reliable CI has given detectives information regarding illegal drug activity which has been found to be true and correct. The past information given by the CI has led to nine (9) convictions in Shelby County Criminal Court, the seizure of 149.37 grams Crack Cocaine, 8.94 grams Powder Cocaine, 939.45 grams Marijuana, and $17,591 in cash.

Detective Overly has corroborated the information given by CI. Detective Overly has conducted surveillance on the location within the last five (5) days and has observed Marcus Brooks going to and from the house. Detective Overly has observed Marcus Brooks engaged in a hand to hand transaction in front of the residence. Based off Detective Overly's experience and training as a narcotic's [sic]

3

> investigator, the activity which he has observed is indicative of illegal drug activity. These events all occurred in Memphis, Shelby County, Tennessee within the last five (5) days.
>
> He therefore asks that a warrant issue to search the persons, outbuildings, vehicles, and premises on said location as above described of the said M/B named Marcus Brooks as above described in said County, where he believes said Marijuana, Drug Proceeds, Drug Records, and Drug Paraphernalia are now possessed, contrary to the Laws of the State of Tennessee.

(Id.)

Detectives with the Organized Crime Unit executed the search warrant on December 23, 2010, at 2:55 p.m. (Record of Arrest (D.E. 32-2 at 1).) The Record of Arrest indicates that Detectives arrived at 157 W. Person Ave. and located the Defendant at the front door in his wheelchair. Detectives forcibly gained entry into the home, where they secured the area, the Defendant, and another subject named Julius Dodson. Detectives then commenced searching the home. At that point, the subject "made a spontaneous utterance that he had some weed under his dresser drawer." (Id.) Detectives found a bag of marijuana and a loaded handgun in that location. Detectives also located $411.00 in cash on top of the Defendant's dresser. Further search of the residence led to a bag of crack cocaine under the microwave and a scale. (Id.) Defendant refused to sign a rights waiver, but made a spontaneous utterance that everything at the residence was his. (Id.)

4

## II. Standard of Review

"A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court is not required to review those aspects of the Report and Recommendation to which no objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The Court should adopt the findings and recommendations to which there is no objection. Id.; see also United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

## III. Analysis

The Magistrate Judge recommended that Defendant's motions be denied. (Rep. & Rec. 2.) In so finding, the Magistrate Judge recommended two conclusions of law: (1) that Defendant's First Motion should be denied because the affidavit was sufficient to establish probable cause for the issuance of a warrant to search Defendant's residence,[1] and (2) that Defendant's Second Motion should be denied because Defendant's statements were not obtained in violation of Miranda v. Arizona, 440 U.S. 934 (1966). (Id. at 10, 15.) In his objections to the

---

[1] The Magistrate Judge did not address the applicability of the good-faith exception to the exclusionary rule in the instant case because he found that Detective Overly's affidavit was sufficient to provide probable cause for issuance of a warrant.

5

Report and Recommendation, Defendant argues that the Magistrate Judge erred in recommending that Defendant's First Motion should be denied.

Defendant specifically objects on the ground that Detective Overly's affidavit was insufficient to establish probable cause for issuance of the search warrant. Applying a totality of the circumstances test, the Supreme Court has stated:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . [concluding]' that probable cause existed.

Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (quoting Jones v. United States, 362 U.S. 257, 271 (1971)). Furthermore, the Supreme Court has also instructed that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" Gates, 462 U.S. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)).

Sixth Circuit cases have "identified three categories of informants: (1) named informants; (2) confidential informants, who are known to the affiant but not to the magistrate; and (3)

anonymous informants, who are known to no one but the informant." United States v. Ferguson, 252 F. App'x 714, 720 (6th Cir. 2007). Because the instant case involves a confidential informant ("CI"), to establish probable cause for the issuance of a warrant, Detective Overly's affidavit had to provide additional information to bolster the reliability of the tip. See id. at 720–21 ("Whereas naming an informant is often, but not always, an indicator of reliability, the police must find other ways to bolster the tips of the other, confidential or anonymous, informants." (internal citations omitted)). Detective Overly supplemented his affidavit with specific information about the confidential informant's participation in previous investigations, specifically stating that

> [i]n the past, the reliable CI has given detectives information regarding illegal drug activity which has been found to be true and correct. The past information given by the CI has led to nine (9) convictions in Shelby County Criminal Court, the seizure of 149.37 grams Crack Cocaine, 8.94 grams Powder Cocaine, 939.45 grams Marijuana, and $17,591 in cash.

(D.E. 32-1 at 1.) In addition, Detective Overly supplemented the confidential informant's tip by conducting an independent investigation that corroborated the tip. (Id.) Therefore, because Detective Overly's affidavit supplements the informant's tip with the informant's past reliability and with his own independent investigation, the Judicial Commissioner had ample

7

basis to believe that probable cause existed for the issuance of the warrant.

Defendant relies on United States v. Weaver, 99 F.3d 1372 (6th Cir. 1996), to argue that Detective Overly's affidavit was insufficient to establish probable cause for issuance of the warrant. Defendant's reliance is, however, misplaced. First, subsequent Sixth Circuit case law explicitly limits Weaver. See United States v. Allen, 211 F.3d 970, 974 (6th Cir. 2000) ("Weaver's holding that the uncorroborated search warrant was defective is limited to the facts of that case. Weaver does not support the general propositions that a CI's information must always be independently corroborated by police, or that an affidavit must in every case set out and justify a CI's expertise in identifying the particularities of the criminal activities alleged."). Second, Weaver concerned the sufficiency of an affidavit "composed of boilerplate text with a few open spaces for additional information," Weaver, 99 F.3d at 1375, including the suspect's name, the contraband sought, and a description of the residence that the police sought to search. Id. The court reasoned that the affidavit was deficient because "all other information that the government cites as particularized facts, that is, the suspect's name, address, and description of the residence, could arguably be obtained by any person passing the Weaver house." Id. at 1378-79. In contrast,

Detective Overly's affidavit included specific descriptive information about Brooks himself, a detailed description of his residence, details establishing the CI's past reliability, and information about an investigation Detective Overly had conducted to corroborate the CI's tip.  In fact, the Weaver court suggested that the affidavit was deficient precisely because it lacked information about the CI's past reliability and any independent investigation to corroborate the informant's tip.  Id. at 1379 ("There is no indication in this affidavit that this informant provided reliable information in the past leading to drug-related arrests or prosecutions.  More important, however, is that [the police officer] possessed only [the informant's] tip linking Weaver to possible drug activities, yet undertook no substantive independent investigative actions to corroborate his informant's claims, such as surveillance of the Weaver residence for undue traffic or a second controlled purchase made with officers viewing.").

Defendant next argues that Detective Overly's affidavit is inadequate because it lacks details about his observation of a hand-to-hand transaction outside Defendant's residence. Specifically, Defendant argues that the affidavit

> does not provide the issuing court with the affiant's location when he made this alleged observation, nor does it provide the court with the location of the defendant and the alleged other party to the transaction, the lighting conditions outside at the time, or any other specific facts

>     regarding the encounter that lead Detective Overly to
>     conclude that he had actually observed a hand-to-hand
>     transaction.

(D.E. 63 at 10.) However, as the Sixth Circuit declared in Allen, "[t]he affidavit is judged on the adequacy of what it does contain, not what it lacks, or on what a critic might say should have been added." 211 F.3d at 975. Viewing the totality of particularized facts that the affidavit provides, the Court finds the affidavit sufficient, despite the fact that it does not provide all of the information the Defendant would have preferred.

Defendant next argues that, even if the affidavit presented enough information to convince the Judicial Commissioner that Detective Overly witnessed a hand-to-hand drug transaction, Detective Overly's observations themselves do not corroborate the CI's tip that Brooks was selling marijuana from inside his residence because "Detective Overly stated that he saw the defendant conduct a hand-to-hand transaction 'in front of the residence.'" (D.E. 63 at 11.) Defendant claims that Detective Overly's observation "might have buttressed a tip from the informant that the defendant was selling drugs on the street, but it simply does not corroborate the tip that the defendant was selling drugs from *inside* the house." (Id.) Defendant's argument is wholly without merit. Detective Overly's affidavit stated that he conducted surveillance on the house and, in so

doing, observed Defendant "going to and from the house" and "engaging in a hand-to-hand transaction in front of the residence." (D.E. 32-1 at 1.) As the Sixth Circuit stated in <u>Allen</u>, "[a]ffidavits are not required to use magic words, nor does what is obvious in context need to be spelled out." <u>Allen</u>, 211 F.3d at 975. The text of Detective Overly's affidavit suggests that, as a law enforcement official with special training and experience in narcotics, he observed the Defendant engaging in behavior that suggested the sale of drugs from the residence. Accordingly, the Court finds that Detective Overly's affidavit effectively establishes that his investigation corroborated the CI's tip.

## IV. CONCLUSION

For the foregoing reasons, upon de novo review, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Defendant's First Motion to Suppress Evidence and Second Motion to Suppress Evidence are hereby DENIED.

**IT IS SO ORDERED**, this 27th day of March, 2012.

                             _s/ Jon P. McCalla_____
                             JON P. McCALLA
                             CHIEF U.S. DISTRICT JUDGE